**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

COREY THOMAS,

       Plaintiff,                         Case No. 10-10397
                                           Hon. Gerald E. Rosen

vs.

RAYMOXLEY BERRY and
DARRYL CROSS,

       Defendants.
_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO
STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANTS' SUMMARY JUDGMENT MOTION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     September 15, 2010

PRESENT: Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

By order dated August 19, 2010, the Court granted Defendants a modest extension of the deadline for filing dispositive motions, despite the failure of defense counsel to timely seek this extension, and despite other instances of defense counsel's non-compliance with discovery requests and court orders throughout this case. In accordance with the Court's August 19 order, Defendants timely filed a summary judgment motion on August 27, 2010. Through the present motion, Plaintiff asks the Court to strike this

summary judgment motion for lack of compliance with Fed. R. Civ. P. 56(b).[1]

Upon reviewing Defendants' summary judgment motion, the Court agrees with Plaintiff that this motion fails to comport with the standards of Rule 56. As noted by Plaintiff, while Defendants make various representations about the evidentiary record in their motion and accompanying brief, Defendants have utterly failed to either (i) cite any specific portions of the record that support these representations, or (ii) provide any portions of this record as exhibits to their motion. At one point in their brief, for example, Defendants represent that Plaintiff testified at his deposition that he was "sitting in [a] van drinking beer and smoking marijuana when the [Defendant] officers approached" him. (Defendants' Motion, Br. in Support at 2.)[2] Later in this brief, Defendants state that the Defendant officers testified at their deposition that as they approached Plaintiff, "they noticed a cloud of smoke and the smell of marijuana emitting from the van." (*Id.*) Yet, none of these factual assertions is supported by citation to the record, nor have Defendants provided transcripts of the parties' deposition testimony from which the Court could confirm the accuracy of these assertions. Even if these materials had been provided as exhibits to Defendants' motion, "[n]othing in either the [Federal] Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" in order to resolve a summary judgment motion, and the Court would "abandon

---

[1] Although Plaintiff cites Rule 56(a) in his motion to strike, a summary judgment motion brought by a defending party (such as Defendants here) is governed by Rule 56(b).

[2] The Court notes that Defendants' brief lacks pages numbers.

2

its position of neutrality" if it did so. *Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 405-06 (6th Cir. 1992).

To be sure, Rule 56(b) permits a defending party to move for summary judgment "with or without supporting affidavits," Fed. R. Civ. P. 56(b), thereby suggesting that a defendant's summary judgment motion need not be accompanied by materials in the evidentiary record.[3] Yet, Rule 56 mandates that the moving party must "***show*** that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2) (emphasis added). Under this rule, "the moving party bears the initial responsibility of identifying sections of the record that reflect the absence of a material issue of fact." *Stephenson v. Allstate Insurance Co.,* 328 F.3d 822, 826 (6th Cir. 2003). If the moving party "fails to carry [this] initial burden of production, the non-moving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion." *Hunter v. Caliber System, Inc.,* 220 F.3d 702, 726 (6th Cir. 2000) (internal quotation marks and citation omitted).

In the summary judgment motion filed in the present case, Defendants do not merely contend that Plaintiff cannot produce evidence to establish one or more essential elements of his claims. Rather, they argue that the evidentiary record ***negates*** any possibility that Plaintiff will be able to establish each of these essential elements. For

---

[3]The Court notes that under an amendment to Rule 56 that is scheduled to take effect on December 1, 2010, a party "asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1) (as scheduled to take effect on December 1, 2010).

3

example, in seeking summary judgment in their favor on Plaintiff's federal and state-law claims of false arrest, Defendants contend that the parties' deposition testimony affirmatively defeats a necessary element of these claims — namely, the absence of probable cause to arrest. (*See* Defendants' Motion, Br. in Support at 4.) Similarly, in challenging Plaintiff's claim of excessive force, Defendants evidently rely on their own deposition testimony for the proposition that the amount of force used in handcuffing Plaintiff was reasonable. (*See id.*)[4] Where, as here, a moving party's request for summary judgment rests upon the contention that the evidentiary record "negat[es] an essential element of the nonmoving party's claim," the moving party must cite to and produce the portion of the record that supports this contention. *Nissan Fire & Marine Insurance Co. v. Fritz Companies,* 210 F.3d 1099, 1102-03 (9th Cir. 2000); *see also Max Arnold & Sons, LLC v. W.L. Hailey & Co.,* 452 F.3d 494, 506-07 (6th Cir. 2006). Because Defendants manifestly failed to do so, their motion fails to comport with the standards of Rule 56.

It remains only for the Court to determine the proper remedy for this patent violation of Rule 56. Under different circumstances, the Court might deem it appropriate to allow the moving party an opportunity to cure the deficiency in its summary judgment motion by filing a supplemental brief and accompanying exhibits that could satisfy the

---

[4]This is perhaps an overly charitable reading of Defendants' motion and accompanying brief, where Defendants' discussion of Plaintiff's claim of excessive force lacks even the most passing reference to the Defendant officers' testimony on the subject.

burden imposed upon a moving party under Rule 56. Here, however, defense counsel's latest violation comes on the heels of a series of discovery delays and violations of the Federal Rules and court orders. (*See* 8/19/2010 Order at 2 (summarizing a number of "instances of delay and noncompliance" by defense counsel); 7/28/2010 Order at 4-5 (imposing sanctions in light of defense counsel's "failure to comply with the Court's prior two discovery orders).) Indeed, while the Court ultimately decided to grant leave for Defendants to file their summary judgment motion after the initial deadline for doing so had passed, it observed that "all of these instances of delay and noncompliance [by defense counsel] do not provide an especially promising basis for a showing of good cause that would warrant an extension," and that Plaintiff had undoubtedly suffered "some degree of prejudice" as a result of these instances of delay and noncompliance. (8/19/2010 Order at 2.)

In short, Defendants and their counsel have long since exhausted their ample opportunity to bring a proper summary judgment motion in compliance with Rule 56, and the Court is not inclined to grant them yet another opportunity to do so. Rather, Defendants' motion will be denied for failure to meet the clear dictates of Rule 56, and the case will go forward to a final pretrial conference and to trial in accordance with the Court's February 26, 2010 scheduling order.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's September 8,

2010 motion to strike Defendants' motion for summary judgment (docket #38) is GRANTED IN PART. IT IS FURTHER ORDERED that Defendants' August 27, 2010 motion for summary judgment (docket #37) is DENIED for failure to make the requisite showing of an entitlement to summary judgment in accordance with Fed. R. Civ. P. 56.

                        s/Gerald E. Rosen
                        Chief Judge, United States District Court

Dated: September 15, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 15, 2010, by electronic and/or ordinary mail.

                        s/Ruth A. Gunther
                        Case Manager